UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: ) | **Case No. 07-44436-RJK** |
| ) | Chapter 13 |
| **Allan Wayne Hoiby, Jr.,** ) | |
| ) | **NOTICE OF HEARING AND** |
| ) | **MOTION FOR ORDER** |
| ) | **VACATING ORDER OF** |
| ) | **DISMISSAL OF CASE** |
| ) | |
| Debtor. ) | |

_____

TO:   United States Bankruptcy Court; Jasmine Z. Keller, Chapter 13 Trustee; Habbo G. Fokkena, U.S. Trustee; all creditors of the above named debtor; and any other parties entitled to notice.

1.   The debtor in the above captioned chapter 13 case, Allan Wayne Hoiby, Jr., by and through his attorney, Craig W. Andresen, hereby moves the court for an order vacating its order of dismissal dated December 20, 2007.   The debtor gives notice of hearing within.

2.   The court will hold a hearing on this motion on **January 9, 2008**, at **9:30 a.m.** in U.S. Bankruptcy Court, Courtroom 8 West, 301 U.S. Courthouse, 300 S. Fourth St., Minneapolis, Minnesota.

3.   Any response to this motion must be filed and delivered not later than January 4, 2008, which is three days before the time set for the hearing (excluding Saturdays, Sundays, or legal holidays), or filed and served by mail not later than December 28, 2007, which is seven days before the time set for the hearing (excluding Saturdays, Sundays, or legal holidays).   Unless a response opposing this motion is timely served and filed, the court may grant the motion without a hearing.

4.   This court has jurisdiction over this motion pursuant to 28 U.S.C. sections 157 and 1334, Bankruptcy Rule of Procedure 9014, Federal Rule of Civil Procedure 60, and Local Bankruptcy Rules 9006-1, and 9013-1 through 9013-3.   This is a core proceeding.

Page 1

       5.    This case was voluntarily commenced by the debtor under chapter 13 on November 30, 2007, as a partial filing. Because of mistake, inadvertence, and excusable neglect of the debtor's attorney, a statement regarding the debtor's payment advices was not filed by December 17, 2007, as required by court order. Accordingly, on December 20, 2007, an order was automatically entered dismissing the debtor's case for failure to file the required documents. Pursuant to Rule 60, Federal Rules of Civil Procedure, the debtor hereby moves the court for an order vacating the order of dismissal.

                            Respectfully submitted,

December 27, 2007                 /e/ Craig W. Andresen
_____        _____
Date                                 Craig W. Andresen, No. 186557
                                              Attorney for Debtor
                                              2001 Killebrew Drive, Suite 330
                                              Bloomington, MN 55425
                                              (952) 831-1995

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 07-44436-RJK** |
| | ) | Chapter 13 |
| **Allan Wayne Hoiby, Jr.,** | ) | |
| | ) | **MEMORANDUM OF LAW** |
| | ) | **IN SUPPORT OF** |
| | ) | **MOTION FOR ORDER** |
| | ) | **VACATING ORDER OF** |
| | ) | **DISMISSAL OF CASE** |
| Debtor. | ) | |

_____

TO:   United States Bankruptcy Court; Jasmine Z. Keller, Chapter 13 Trustee; Habbo G. Fokkena, U.S. Trustee; all creditors of the above named debtor; and any other parties entitled to notice.

1.   The debtor in the above captioned chapter 13 case, Allan Wayne Hoiby, Jr., by and through his attorney, Craig W. Andresen, submits this memorandum of law in support of his motion seeking an order vacating the order dated December 20, 2007, dismissing his chapter 13 case.

2.   This motion is based upon Rule 60, Federal Rules of Civil Procedure. The debtor requests that the court vacate its order of dismissal, because the order resulted from the mistake, inadvertence, or excusable neglect of the debtor's attorney

3.   This case was filed as a "partial" chapter 13 filing on November 30, 2007. Accordingly, the court entered an order dated November 30, 2007, requiring that the debtor file all the required lists, schedules, statements, chapter 13 plan, and statement regarding payment advices, no later than December 17, 2007.   The debtor and his attorney prepared all the required documents and the debtor signed them on December 17, 2007.   The debtor had received only one payment advice for the 60 day period preceding the filing of the case.   Therefore, a statement was prepared explaining this fact and the statement was attached to the one payment advice.   Because the debtor did not receive any more than the one afore-mentioned payment advice, the statement

Page 3

was set aside for further examination by the debtor's attorney, to ensure that no problems would arise from the apparent lack of a complete set of payment advices.

4. The debtor's attorney caused the required lists, schedules, statements, and chapter 13 plan to be filed by December 17, 2007, as required by the court's order, except that he failed to file the statement regarding the debtor's payment advices. This was due to the statement having been set aside for further examination as explained above. The debtor's attorney failed to notice that the statement was not filed as required. Accordingly, apparently due to this oversight by the debtor's attorney, the court automatically entered an order on December 20, 2007, dismissing the case. Upon noticing this oversight, the debtor's attorney filed the statement regarding the debtor's payment advices, and the debtor has now filed all the required documents. The debtor has moved the court for an order, pursuant to Rule 60, Federal Rules of Civil Procedure, vacating its order of dismissal. The debtor's attorney did file all the large volume of required documents necessary to complete the filing, on time, and was simply unaware of the unfiled single document that would lead to the dismissal of the case. The debtor complied with all his duties, and it was the accidental failure of his attorney to file the statement which lead to the dismissal order.

9. With regard to the phrase, "excusable neglect," the U.S. Supreme Court has held that it should be given its ordinary dictionary meaning. Pioneer Investment Services v. Brunswick Assoc., 113 S. Ct. 1489, 1495 (1993) (interpreting Rule 9006(b), F. R. Bky. Proc.). Absent evidence to the contrary, the phrase should be construed to mean the same thing whether it appears in Rule 9006, as in the Pioneer case, or in Rule 60, as in the instant case. Id. at 1496 ("The 'excusable neglect' standard is also used elsewhere in the Federal Rules of Civil Procedure.").

10. In Pioneer, the Supreme Court held that excusable neglect is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond control of movant." Id. at 1496. The court held that the determination of whether

neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 1498. These circumstances include "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether the movant acted in good faith." Id. at 1498. The Court specifically rejected the dissent's position that a movant must meet a threshold of being "sufficiently blameless." Id. at n. 14. Although here the Court is discussing Rule 9006(b), F. R. Bky. Proc., the phrase "excusable neglect" is the same as in Rule 60 and the same construction should apply.

11. The above analysis applies to the case at hand. Here, the danger of prejudice to the debtor is high should the court not grant this motion: his chapter 13 case will remain dismissed and he will not have the benefit of the stay of actions of section 362. Re-filing would subject the debtor to unfavorable code provisions dealing with repeat chapter 13 cases, which would be an inequitable result here. The debtor's schedules indicate the case was filed shortly before a foreclosure sale of his homestead, and his chapter 13 plan proposes to cure a default in home mortgage payments. The reason for the failing of the debtor to file the missing statement was not within the debtor's control. With regard to the debtor's attorney's failure to file the statement in a timely manner, such failure was admittedly "within his control," but the attorney mistakenly was unaware the document was not filed. The subsequent filing of the missing statement is evidence the debtor and his attorney are acting in good faith, as is required by the Supreme Court's analysis. Also, for the court to reinstate this chapter 13 will not result in an injustice to the creditors or a windfall to the debtor. It will simply place all the parties back in the positions they occupied prior to the court's dismissal of the case.

12. Based upon the foregoing, the debtor respectfully requests that the court vacate its order of dismissal, and order that the chapter 13 case is reinstated.

                                                  Respectfully submitted,

December 27, 2007                    /e/ Craig W. Andresen
_____            _____
Date                                       Craig W. Andresen, #186557
                                                Attorney for Debtor
                                                2001 Killebrew Drive, Suite 330
                                                Bloomington, MN  55425
                                                (952) 831-1995


## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Craig W. Andresen, attorney for the debtor, hereby declare under penalty of perjury that the foregoing motion and memorandum are true to the best of my knowledge, information and belief.

                                                /e/ Craig W. Andresen
Date: December 27, 2007                _____

| | |
|---|---|
| In re: | U.S. Bankruptcy Court<br>District of Minnesota |
| **Allen Wayne Hoiby, Jr.** | |
| | UNSWORN DECLARATION<br>FOR PROOF OF SERVICE |
| Debtor(s): | Bky. No. **07-44436-RJK** |

I, Erica J. Gifford, employed by Craig W. Andresen, attorney licensed to practice law in this court, with office address of 2001 Killebrew Dr., Suite 330, Bloomington, Minnesota 55425, declare that on December 28, 2007, the attached **Notice of Hearing and Motion for Order Vacating Order of Dismissal of Case, Memorandum of Law in Support of Motion for Order Vacating Order of Dismissal of Case and Order Vacating Order of Dismissal,** shall be served upon the parties listed below by electronic service, upon the electronic filing of this document, pursuant to Local Rule 9006-1(a).   The debtor and all creditors were served by U.S. Mail at the addresses listed below.

---

SERVED ELECTRONICALLY:

Habbo G. Fokkena, U.S. Trustee
ustpregion12.mn.ecf@usdoj.gov


Jasmine Z. Keller
jzk@Ch13mn.com


SERVED BY U.S. MAIL

Allen Wayne Hoiby Jr.
9042 Terrace Rd. N.E.
Blaine, MN 55434

See Attached List.


   I declare, under penalty of perjury, that the foregoing is true and correct.
Executed: December 28, 2007.         Signed:   /e/   Erica J. Gifford

Minneapolis
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Allen Anderson
4118 – 83rd Ave. N.
Brooklyn Park, MN 55443

American Family Insurance
6000 American Pkwy.
Madison, WI 53783-0001

Centerpoint Energy
Credit Dept 32nd Floor
P.O. Box 1700
Houston, TX 77251-9857

City of Blaine
Utility Dept.
10801 Town Square Dr.
Blaine, MN 55449-8101

Comcast
10 River Park Plaza
St. Paul, MN 55107

Comcast
P.O. Box 173908
Denver, CO 80217-3908

Connexus Energy
14601 Ramsey Blvd.
Anoka, MN 55303

Internal Revenue Service
Stop 5700
30 East 7th St Suite 1222
St. Paul, MN 55101-4940

MN Dept. of Revenue
551 Bky Section CEU Dept.
P.O. Box 64447
St. Paul, MN 55164

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA 92123

New Century Mortgage Corp.
P.O. Box 54285
Irvine, CA 92619

Saxon Mortgage
4708 Mercantile Dr. N.
Fort Worth, TX 76137-3605

Shapiro Nordmeyer & Zielke, LLP
7300 Metro Blvd., Suite 390
Edina, MN 55439-2306

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 07-44436-RJK** |
| | ) | Chapter 13 |
| **Allan Wayne Hoiby, Jr.,** | ) | |
| | ) | |
| | ) | **ORDER VACATING** |
| | ) | **ORDER OF** |
| | ) | **DISMISSAL** |
| Debtor. | ) | |

_____

The above entitled matter came before the court upon the debtor's motion seeking an order vacating the court's order dismissing the case. Appearances were noted in the record. Based upon all the files and proceedings had therein, the court finds that cause exists to grant the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that the order dismissing this case entered December 20, 2007, is hereby vacated.


Dated:_____         _____
                                                  Robert J. Kressel
                                                  United States Bankruptcy Judge